UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA ARNESON,<br>Plaintiff,<br><br>vs.<br><br>HORIZON THERAPEUTICS, PLC<br>Defendant. | Case No.: 1:23-cv-14776<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Lisa Arneson (hereinafter "Plaintiff"), by and through her attorneys at Buckley Fine, LLC, as and for Plaintiff's Complaint in this action against Defendant Horizon Therapeutics, Plc (hereinafter "Defendant" or "Horizon") alleges upon personal knowledge and upon information and belief as to other matters as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking to redress Horizon's violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-102 *et seq*.

2. Specifically, Horizon violated Title VII and the IHRA by terminating Plaintiff's employment because of Plaintiff's sincerely held religious beliefs and terminating Plaintiff's employment because Plaintiff engaged in activity protected by Title VII and the IHRA when Plaintiff requested a reasonable accommodation to a COVID-19 vaccination mandate.

3. Defendant's unlawful conduct was knowing, malicious, willful, and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

## PARTIES

4. Plaintiff, Lisa Arneson, is a former employee of Horizon. Defendant employed Plaintiff as a Senior Analyst, Financial Systems from December 18, 2017, to November 15, 2021. The Plaintiff is a resident of Illinois. At all relevant times hereto, Plaintiff met the definition of an "employee" under all applicable statutes.

5. Defendant, Horizon Therapeutics, Plc is an Illinois public limited company with a principal place of business located at 1 Horizon Way, Deerfield, Illinois 60015. Horizon is a global bio-pharmaceutical company.

6. At all relevant times hereto, Horizon is a "person" within the meaning of 42 U.S.C. §2000e(a), as well as an "employer" within the meaning of 42 U.S.C. §2000e(b) and 775 ILCS 5/2-101(B).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and for the supplemental state statutory claims, pursuant to 28 U.S.C. §1367.

8. Venue is proper in the district pursuant to 28 U.S.C. § 1391 because the unlawful employment practice occurred in this district, where the Plaintiff worked.

## PROCEDURAL REQUIREMENTS

9. Before commencing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and the IHRA.

10. Plaintiff timely filed the charge with the EEOC within 300 days of the occurrence of one or more of the alleged employment practices that violated Title VII and the IHRA.

11. Plaintiff's EEOC charge arose out of many of the same facts alleged herein.

12. On or about July 14, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. (See Notice of Right to Sue attached hereto at **Exhibit A)**. Plaintiff is filing her complaint within 90 days of receiving that Notice of Right to Sue.

13. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment with Defendant

14. Plaintiff is a former employee of Horizon.

15. Horizon hired Plaintiff on or around December 2017 in the position of Senior Analyst, Financial Systems.

16. When Plaintiff joined Horizon in December 2017, she brought to the organization over nine years of experience in accounting, finance, and SAP & BPC systems.

17. Plaintiff started her time at Horizon as a contractor covering the maternity leave of the Senior Analyst, Financial Systems employee. Upon the employee's return from leave, Plaintiff was offered an extension to continue her support in the role and, within nine months of her first day as a contractor, she was offered a permanent position in that role with Horizon with recommendations from her peers and cross-functional teammates.

18. Over her four and a half years at Horizon, Plaintiff was a team player by being a strong and flexible contributor and took on any duties needed to support the Financial Systems team and the organization's goals.

19. At all times relevant hereto, Plaintiff was qualified for the position of Senior Analyst, Financial Systems with Horizon and Plaintiff's performance met Defendant's performance expectations.

**Horizon's Discriminatory Treatment of Plaintiff**

20. The incidents alleged herein occurred during the COVID-19 pandemic.

21. During the COVID-19 pandemic, from in or about March 2020, to on or about October 18, 2021, Horizon permitted employees to work from home.

22. From in or about March 2020, to on or about October 18, 2021, Plaintiff worked from home and performed her job duties successfully.

23. In August 2021, Horizon notified employees that returning to work in the office was anticipated and that all employees would be required to receive the COVID-19 vaccine (the "Policy"), and Horizon indicated that if an employee was unable to receive the vaccine, the employee could request an accommodation to be exempted from the vaccination requirement.

24. The Policy demanded all US employees to receive a COVID-19 vaccine by October 15, 2021, unless otherwise approved for an exemption or accommodation.

25. At all relevant times, Plaintiff's religion is Christian.

26. That at the time of the incidents alleged herein, Horizon was aware that Plaintiff's religion is Christian.

27. On September 9, 2021, Plaintiff submitted a religious exemption request to the Policy, which was supplemented with a letter from her pastor, Tim Yach.

28. On September 23, 2021, Horizon denied Plaintiff's religious exemption request for a reasonable accommodation to the Policy. Horizon stated that Plaintiff did not demonstrate that she had a sincerely held religious belief.

**Plaintiff's Protected Activity & Defendant's Retaliation**

29. Plaintiff exercised her right under Title VII and the IHRA by requesting a reasonable accommodation to the Policy based on her sincerely held religious beliefs.

30. Plaintiff believes that receiving vaccinations, submitting to COVID testing, and/or donning a mask violates her sincerely held religious values and beliefs.

31. Horizon was aware of Plaintiff's protected activity because Plaintiff expressed her beliefs in her request for reasonable accommodations in an email to Horizon's Human Resource Department on September 9, 2021.

32. On September 23, 2021, Horizon denied Plaintiff's religious exemption request for reasonable accommodations and demanded she comply with the Policy by October 15, 2021, or be placed on unpaid leave pending her receipt of a COVID-19 vaccination.

33. Horizon denied Plaintiff's request for a reasonable accommodation without engaging in an interactive process to determine what accommodation it could provide.

34. Horizon failed to provide Plaintiff with a reasonable accommodation that would have permitted her to perform the essential functions of her position.

35. Horizon exempted other employees from having to take the vaccine and permitted them to work from home, including but not limited to, Mary Herwig (non-Christian) and Amber Chapman (non-Christian), were allowed to work remotely.

36. Because Plaintiff held to her Christian beliefs and did not receive a COVID-19 vaccination by October 15, 2021, Plaintiff was placed on unpaid leave until she was terminated on November 15, 2021.

## COUNT I
### Religious Discrimination - 42 U.S.C. §2000e *et seq.*

37. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

38. At all relevant times hereto, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

39. Plaintiff's religion is Christian.

40. As outlined above, Horizon violated Title VII when it discriminated against Plaintiff by refusing to provide Plaintiff with a reasonable accommodation to the Policy because Plaintiff's sincerely held religious beliefs prevented Plaintiff from receiving vaccinations.

41. As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

42. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

## COUNT II

### Retaliation - 42 U.S.C. §2000e-3(a)

43. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44. At all relevant times hereto, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

45. As outlined above, Horizon violated Title VII when it retaliated against Plaintiff by placing Plaintiff on unpaid leave and ultimately terminating Plaintiff's employment because Plaintiff engaged in activity protected by Title VII.

46. As a direct and proximate result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

47. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

## COUNT III

### Religious Discrimination - 775 ILCS 5/1-102(A)

48. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

49. At all relevant times hereto, Plaintiff was an "employee" within the meaning of the Illinois Human Rights Act ("IHRA"), and Horizon was an "employer" within the meaning of the IHRA.

50. As outlined above, Horizon violated the IHRA when it discriminated against Plaintiff by refusing to provide Plaintiff with a reasonable accommodation to the Policy because Plaintiff's sincerely held religious beliefs prevented Plaintiff from receiving vaccinations.

51. As a direct and proximate result of Defendant's discriminatory conduct in violation of the IHRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

## COUNT IV

### Retaliation - 775 ILCS 5/6-101(A)

52. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

53. At all relevant times hereto, Plaintiff was an "employee" within the meaning of the IHRA, and Defendant was an "employer" within the meaning of the IHRA.

54. As outlined above, Horizon violated the IHRA when it placed Plaintiff on unpaid leave and ultimately terminated Plaintiff's employment because Plaintiff engaged in activity protected by the IHRA.

55. As a direct and proximate result of Defendant's retaliatory conduct in violation of the IHRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that an award be issued in her favor providing the following relief:

- A. A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States and the State of Illinois;

- B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

    C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment;

    D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

    E. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

    H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: October 11, 2023

                                                                         By:    /s/ Samuel J.H. Weyers
                                                                                 One of Plaintiff's Attorneys

Ronald B. Kowalczyk (ARDC. 6274373)
Samuel J.H. Weyers (ARDC. 6307309)
Buckley Fine, LLC
Attorney for Plaintiff
201 S. Grove Ave., 4th Floor
Barrington, Illinois 60010
(847) 381-0011
rkowalczyk@buckleyfinelaw.com
sweyers@buckleyfinelaw.com